# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CARRIE SCHEUERMAN, | |
| Plaintiff, | |
| v. | Case No. 1:23-cv-16245 |
| CENTRAL STATES PENSION FUND, | Hon. Heather McShain, U.S.M.J. |
| Defendant. | |

## DEFENDANT'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

Now comes Central States Pension Fund ("Central States" of "Defendant"), by and through its undersigned counsel, for its Answer and Affirmative Defenses to the Complaint of Plaintiff Carrie Scheuerman ("Scheuerman" or "Plaintiff"), and in support thereof, states as follows:

1. *Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331. This action is authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3) (Title VII), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.*[1]

**ANSWER:** Paragraph 1 of the Complaint does not state a factual allegation to which an answer is required. To the extent an answer is required, Central States denies each and every allegation, except admits only that Plaintiff alleges violations of Title VII and that this Court has jurisdiction over the matter. Central States denies that it violated Title VII.

2. *The employment practices alleged to be unlawful were committed within the state of Illinois and within the jurisdiction of the United States District Court for the Northern District of Illinois.*

---

[1] The italicized language through this Answer has been quoted verbatim from Plaintiff's Complaint.

**ANSWER:** Central States denies each and every allegation in Paragraph 2 of the Complaint, and specifically denies committing any unlawful employment practices, except admits that this Court has jurisdiction over the matter.

3. *Plaintiff, Carrie Scheuerman, is a resident of Lake County, Illinois.*

**ANSWER:** Central States denies knowledge and information sufficient to form a belief about the truth of the allegation in Paragraph 3, except avers that Plaintiff's last known address to Defendant was located in Lake County, Illinois.

4. *At all relevant times, Defendant Central States has continuously been doing business in the State of Illinois and has continuously had at least 15 employees.*

**ANSWER:** Central States admits only that it has continuously been doing business in the State of Illinois and has continuously had at least 15 employees since the inception of Plaintiff's previous employment with Central States through the present. Defendant denies any remaining allegations in Paragraph 4 of the Complaint.

5. *At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g), and (h).*

**ANSWER:** Central States admits only that it has continuously been an employer in an industry affecting commerce since the inception of Plaintiff's prior employment with Central States until the present. Defendant denies any remaining allegations in Paragraph 5 of the Complaint.

6. *At all relevant times, Defendant has been a covered entity under Title VII.*

**ANSWER:** Central States admits that it has been a covered entity under Title VII since the inception of Plaintiff's prior employment with Central States until the present. Defendant denies any remaining allegation in Paragraph 6 of the Complaint.

7.	*More than thirty days prior to the institution of this lawsuit, Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") alleging violations of Title VII by Defendant.*

**ANSWER:** Central States admits the allegations of Paragraph 7.

8.	*On June 7, 2023, the EEOC issued to Defendant a Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.*

**ANSWER:** Central States admits that the EEOC issued to Defendant a Letter of Determination dated June 7, 2023, the content of which speaks for itself. Defendant denies the remaining allegations in Paragraph 8 of the Complaint, including that Central States engaged in any unlawful employment practice or is obligated to provide Plaintiff with any relief.

9.	*On August 31, 2023, the Commission sent the parties a "Conciliation Failure and Notice of Rights", advising Plaintiff that the Commission was unable to secure a conciliation agreement acceptable to the Commission.*

**ANSWER:** Central States admits only that, on or about August 31, 2023, the EEOC sent Defendant a Conciliation Failure and Notice of Rights, the content of which speaks for itself. Defendant denies any remaining allegations in Paragraph 9 of the Complaint.

10.	*All conditions precedent to the institution of this lawsuit have been fulfilled.*

**ANSWER:** Paragraph 10 of the Complaint does not state a factual allegation to which any answer is required. To the extent an answer is required, Central States denies knowledge and information sufficient to form a belief as to the truth of the allegations contained therein.

11.	*Since at least June 2021, Defendant has engaged in unlawful employment practices in violation of sections 701(j) and 703(a) of Title VII, 42 U.S.C. §§ 2000e(j) and 2000e-2(a). The unlawful practices include but are not limited to, the following:*

**ANSWER:** Central States denies each and every allegation in Paragraph 11.

12.	*Plaintiff began working for Defendant on August 7, 2000.*

**ANSWER:** Central States admits the allegation in Paragraph 12.

13. *In March 2020, most of Defendant's employees were told to work from home in response to the pandemic.*

**ANSWER:** Central States admits only that starting in approximately the third week of March 2020 it transitioned most of its employees to work-from-home in response to the Covid-19 pandemic. Defendant denies any remaining allegations in Paragraph 13 of the Complaint.

14. *In June 2021, Defendant mandated that employees were to get the COVID vaccine as a condition of employment.*

**ANSWER:** Central States admits only that in June 2021 it issued a COVID-19 Vaccination Policy requiring initially that by August 13, 2021, employees be either vaccinated or receive an approved medical or religious exemption from the Covid-19 vaccine requirement in support of a planned transition for staff to return to working in the office. Further, employees who were non-compliant with the Vaccination Policy, because they remained unvaccinated and not approved for an exemption, would not be permitted to work in the office nor permitted to continue working indefinitely from home. Instead, they would accumulate discipline for unexcused absences pursuant to Central States' existing Attendance Policy, up to and including termination of employment if an employee remained non-compliant. Defendant denies any remaining allegations in Paragraph 14 of the Complaint.

15. *Defendant stated that it would consider medical and religious exemptions only; however, Defendant also stated that there would not be may [sic] exemptions issued and no more than a handful.*

**ANSWER:** Central States admits only that its COVID-19 Vaccination Policy included an opportunity for employees to request a medical or religious exemption from the vaccine requirement. Central States denies the remaining allegations in Paragraph 15, including that it placed any numerical limit on the number of exemption requests that would be approved. Stating further, Central States considered the merits of each exemption request separately on its own merit, including Plaintiff's request for a religious exemption.

4

16. *Defendant stated that applicable employees were to be vaccinated by August 13, 2021, with a return to the office date of September 7, 2021.*

**ANSWER:** Central States admits that its COVID-19 Vaccination Policy initially required employees who were not approved for an exemption to be vaccinated by August 13, 2021, with an initial anticipated return-to-office date of September 7, 2021. Central States further avers that it later modified the return-to-office date more than once based on the then-current conditions of the COVID-19 pandemic and the applicable local, state and federal public guidance at the time, and accordingly modified the date more than once by when employees not approved for an exemption needed to be vaccinated.

17. *Defendant stated that a third of the applicable employees would come into the office on September 7, 2021, and work from home for the remainder of the week. On September 9, 2021 [sic], a different third of the applicable employees would come into the office and work from home for the remainder of the week. On September 9, 2021, the remaining third of the applicable employees would come into the office and work from home the remainder of the week.*

**ANSWER:** Central States admits only that the allegations contained in Paragraph 17 were the initial planned start of transitioning staff back to working in the office. Central States further avers that the referenced dates were later modified more than once based on considerations of the guidance from local, state, and federal public health officials regarding the pandemic, and that the return to work in the office schedule also changed over time when eventually implemented in 2022. Defendant denies any remaining allegations in Paragraph 17 of the Complaint.

18. *Defendant stated that each group of applicable employees (broken into thirds as discussed in Paragraph 17) would come into the office one day per week and work from home the rest of the week. This new work arrangement was subsequently pushed back to the week of April 4, 2022. Plaintiff's assigned day to come into the office was April 7, 2022.*

**ANSWER:** Central States admits only that the allegations in Paragraph 18 represent the initial planned start of the return to the office schedule for staff, which was implemented starting on April 4, 2022, with Plaintiff's first day assigned to work back in the office being April 7, 2022. Central States further avers that the schedule and frequency of staff working back in the office

5

increased over time starting from April 4, 2022, to the present. Defendant denies any remaining allegations in Paragraph 18 of the Complaint.

19. *Scheuerman is a Christian who maintains sincerely held religious beliefs that human life is sacred; human life is a gift from God; and abortion is gravely wrong and contrary to the commandments and teachings of the Christian Bible.*

**ANSWER:** The allegations in Paragraph 19 regarding Plaintiff's alleged beliefs related to abortion require no answer as the Court ruled on September 10, 2024 (Dkt. No. 40) that Plaintiff may not rely on those allegations or beliefs in support of her claims in this case. Central States denies knowledge and information sufficient to form a belief as to the truth, falsity, or sincerity of Plaintiff's religious beliefs, and on that basis denies each and every remaining allegation in Paragraph 19 of the Complaint.

20. *On July 12, 2021, Plaintiff submitted a request for a religious exemption based on her sincerely held religious beliefs.*

**ANSWER:** Central States admits the allegation in Paragraph 20 that Plaintiff submitted a request for a religious exemption on July 12, 2021, but denies that the request included an explanation of sincerely held religious beliefs for which an exemption was warranted.

21. *Plaintiff stated that her body is a temple for the Holy Spirit and that she could not defile that temple with the COVID-19 vaccine on the grounds that COVID-19 vaccines were developed and/or tested using cell lines derived from aborted fetuses and receiving such a vaccine would violate Plaintiff's sincerely held religious beliefs, including her beliefs regarding the sanctity of human life. She was required to and did certify that her religious beliefs were sincere when she submitted the accommodation request.*

**ANSWER:** Central States admits only that Plaintiff submitted a request for a religious exemption from the COVID-19 vaccine requirement and the content of Plaintiff's request speaks for itself. Stating further, Central States denies that Plaintiff's exemption request referenced any objection to the Covid-19 vaccines based on them being developed and/or tested using cells from aborted fetuses and notes that this Court's order of September 10, 2024, prohibits Plaintiff from

6

relying on such allegation in support of her claims in this case. (Dkt. No. 40.) Defendant denies any remaining allegations in Paragraph 21 of the Complaint.

22. *On July 30, 2021, Defendant sent a questionnaire to Plaintiff, questioning her sincerely held religious beliefs, asking if Plaintiff was ever vaccinated before, with what and when, and if Plaintiff ever previously took manufactured medications, what and when.*

**ANSWER:** Central States denies each and every allegation in Paragraph 22, except admits that, on July 30, 2021, it sent a questionnaire to Plaintiff, to clarify and understand Plaintiff's alleged religious beliefs, including questions regarding Plaintiff's history of vaccinations and manufactured medications.

23. *On August 9, 2021, Plaintiff responded to the questionnaire, advising that she had received a vaccination when she was younger and that she had previously used manufactured medications. However, she could not recall what vaccine and/or medication was used or when.*

**ANSWER:** Central States denies the allegation in Paragraph 23 that Plaintiff stated that "she had received a vaccination when she was younger," but admits the remaining allegations in Paragraph 23.

24. *Plaintiff stated that she confessed her past sins and requested God's forgiveness. Plaintiff further stated that Jesus tells his followers that he "forgives us and to go and sin no more." Plaintiff then stated that she strived to be a better Christian with each day and that she strived not to commit past sins. Plaintiff also submitted passages from her bible at the same time she submitted her response to the questionnaire.*

**ANSWER:** Central States denies each and every allegation in Paragraph 24, but admits that Plaintiff submitted responses to the questionnaire on August 9, 2021, and submitted selected bible verses on August 10, 2021, the content of both speaks for themselves.

25. *As a result and extension of her sincerely held religious beliefs described above, Plaintiff is unable, in good conscience, to receive certain vaccines, including but not limited to COVID-19 vaccines, that were developed or tested using cell lines derived from aborted fetuses.*

**ANSWER:** The allegations in Paragraph 25 allege a legal conclusion to which no answer is required and/or includes allegations that the Court ruled on September 10, 2024 (Dkt. No. 40)

Plaintiff may not rely on to support her claims in this case. To the extent an answer to the remaining allegations in Paragraph 25 is required, Central States denies the allegations in Paragraph 25.

26. *On August 13, 2021, Defendant denied Plaintiff's request for a religious exemption. Defendant stated that Plaintiff did not provide a reason as to why getting vaccinated in the past or taking manufactured medications in the past was different from getting the COVID- 19 vaccination.*

**ANSWER:** Central States admits only that it denied Plaintiff's religious exemption request on August 13, 2021, and the content of the denial speaks for itself. Central States denies any remaining allegations in in Paragraph 26.

27. *Defendant then sent Plaintiff written notice that her religious accommodation was denied and directed her to get the COVID-19 vaccine within seven days. Defendant further stated that if Plaintiff was not vaccinated within seven days, she would be denied the ability to work at the office and she would no longer be able to work from home. Defendant stated that it would then terminate Plaintiff once she reached the maximum number of unexcused absences.*

**ANSWER:** Central States admits only that it presented Plaintiff with written notice that Central States denied Plaintiff's request and that she was required to comply with Defendant's COVID-19 vaccine mandate contained in its Vaccination Policy, the content of which notice speaks for itself. Central States denies any remaining allegations contained in Paragraph 27.

28. *At the time, Plaintiff subscribed to a legal service ("Legal Shield") and requested that Legal Shield submit an appeal on her behalf. That appeal was submitted on September 1, 2021, and was again denied on September 15, 2021.*

**ANSWER:** Central States denies knowledge and information sufficient to form a belief as to Plaintiff's arrangement with Legal Shield, but admits that, on or about September 2, 2021, Legal Shield faxed correspondence to Central States objecting to Defendant's decision to deny Plaintiff's request for a religious exemption, and that Central States responded on September 15, 2021, reasserting its expectation that Plaintiff comply with Central States's COVID-19 Vaccination Policy. Central States denies any remaining allegations in Paragraph 28, including that the

8

correspondence from Legal Shield constituted an appeal and/or that Central States's response constituted an additional denial.

29. *On September 28, 2021, Plaintiff acknowledged the letter to her attorney, denying her appealed request for a medical exemption for the COVID-19 vaccine and asked Defendant's Director of Human Resources what additional information she could provide to meet Defendant's religious exemption requirements.*

**ANSWER:** Central States admits only that Plaintiff emailed its then-Director of Human Resources asking what additional information she could provide to Defendant. Central States denies the remaining allegations in Paragraph 29.

30. *On October 1, 2021, Defendant wrote Plaintiff the following: "We are not aware of any additional information that would be relevant as you have submitted what information you have, which we have determined to not be sufficient to grant your request for a religious exemption from the vaccine mandate under the policy."*

**ANSWER:** Central States admits the allegations in Paragraph 30.

31. *Plaintiff did not get the COVID-19 vaccine because to do so would violate her sincerely held religious beliefs.*

**ANSWER:** Central States denies knowledge or information sufficient to form a belief as to the veracity of the allegations in Paragraph 31, and on that basis denies the same.

32. *On March 31, 2022, Defendant issued Plaintiff a "non-Compliant Employee – First Amended Vaccination Policy" memo. Again, Defendant failed to provide Plaintiff with an explanation as to why her religious accommodation requests were denied.*

**ANSWER:** Central States admits only that it issued Plaintiff a "Non-Compliant Employee – First Amended Vaccination Policy" memo on March 31, 2022. Central States denies the remaining allegations in Paragraph 32.

33. *On April 27, 2022, Plaintiff wrote her supervisor the following: "I am aware that the policy states that I must report to the building each subsequent day, however upon my initial report, I was advised by Scott Robbins that I am NOT to return to the building or it would be considered insubordination and subject to termination. Therefore, I tried to log in to work ready and able to do my job. However, I am locked out of the system. I called the pensup telephone line at 6:25 and left a message. I am being forced to use a PTO for today."*

9

**ANSWER:** Central States admits only that Paragraph 33 recites the contents of Plaintiff's written communication to her supervisor on April 27, 2022. Defendant denies any remaining allegations in Paragraph 33 of the Complaint.

34. *On May 20, 2022, Plaintiff had not received the COVID-19 vaccine, and Defendant fired her as it said it would.*

**ANSWER:** Central States admits the allegations in Paragraph 34.

35. *Defendant engaged in unlawful employment practices in violation of sections 701(j) and 703(a) of Title VII, 42 U.S.C. §§ 2000e(j) and 2000e-2(a). Specifically, Defendant failed or refused to provide Plaintiff with a reasonable accommodation of her sincerely held religious beliefs.*

**ANSWER:** Central States denies each and every allegation in Paragraph 35, except avers that Central States did not provide Plaintiff with an accommodation because she was not entitled to one.

36. *Scheuerman is a Christian who believes the use of vaccines developed and/or tested using cell lines derived from aborted fetuses violates the commandments and teachings of her religion.*

**ANSWER:** Central States denies knowledge and information sufficient to form a belief as to the veracity of the allegations in Paragraph 36, and on that basis denies the same. Defendant further avers that no response is required regarding the allegations pertaining to the development and/or testing of vaccines using cell lines derived from aborted fetuses as the Court ruled on September 20, 2024 (Dkt. No. 40) that Plaintiff may not rely on those allegations in support of her claims in this case.

37. *Defendant's requirement that Plaintiff receive the COVID-19 vaccination conflicted with Scheuerman's sincerely held religious beliefs.*

**ANSWER:** Central States denies each and every allegation in Paragraph 37.

38. *Defendant knew that Scheuerman's religious beliefs conflicted with its requirement that she receive the COVID-19 vaccine.*

**ANSWER:** Central States denies each and every allegation in Paragraph 38.

39.     *Defendant took adverse employment action against Scheuerman because she failed to comply with its requirement that she receive the vaccine.*

**ANSWER:** Central States admits that it terminated Plaintiff's employment under Defendant's Attendance Policy because of Plaintiff's accumulation of unexcused absences due to her failure to comply with Central States' COVID-19 Vaccine Policy. Central States specifically denies the remaining allegations in Paragraph 39 to the extent they imply Central States committed any wrongdoing or violation of the law.

40.     *The effect of the practices complained of in paragraphs 11-39 above has been to deprive Scheuerman of equal employment opportunities and otherwise adversely affect her status as an employee because of her religious beliefs.*

**ANSWER:** Central States denies each and every allegation in Paragraph 40.

41.     *The unlawful employment practices complained of in paragraphs 11-39 above were and are intentional.*

**ANSWER:** Central States denies each and every allegation in Paragraph 41.

42.     *The unlawful employment practices complained of in paragraphs 11-39 above were done with malice or with reckless indifference to the federally protected rights of Scheuerman.*

**ANSWER:** Central States denies each and every allegation in Paragraph 42.

## *PRAYER FOR RELIEF*

*Wherefore, Plaintiff respectfully requests that this Court:*

A.     *Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it from discriminating against persons on the basis of their religion, including by failing to accommodate such persons' sincerely held religious beliefs.*

B.     *Order Defendant to promulgate and carry out policies, practices, and programs which provide equal employment opportunities to persons protected by Title VII and that eradicate the effects of its past and present unlawful employment practices, including discrimination and retaliation.*

C.     *Order Defendant to make whole Scheuerman by providing her appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement and/or front pay.*

*D.     Order Defendant to make whole Scheuerman by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices complained of above in amounts to be determined at trial.*

*E.     Order Defendant to make whole Scheuerman by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices described above, including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of self-esteem, and humiliation, in amounts to be determined at trial.*

*F.     Order Defendant to pay Scheuerman punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.*

*G.     Grant such further relief as the court deems necessary and proper.*

*H.     Award the Plaintiff her attorneys fees and costs of this action.*

**ANSWER:** Central States denies that Plaintiff is entitled to recover any relief whatsoever.

## AFFIRMATIVE AND OTHER DEFENSES

1.     The Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

2.     Central States did not act in malicious or reckless conduct but acted in good faith to comply with applicable law; acted with reasonable grounds to believe that its actions did not violate the law cited in the Complaint; and did not act with willfulness or intent to violate the law so as to give rise to any claim for punitive damages.

3.     All or part of Plaintiff's claims are or may be barred by the doctrines of waiver, estoppel, consent, unclean hands, and laches.

4.     Plaintiff did not provide Central States proper or adequate notice of her allegedly sincerely held religious beliefs in support of Plaintiff's request for an exemption from the vaccine requirement.

5.     Plaintiff's request that she be allowed to work fulltime from home as an accommodation was unreasonable because some in-person attendance at work is an essential function of Plaintiff's job and a business necessity, and would cause Defendant undue hardship,

including as an exception to a collectively bargained and implemented policy between Defendant and Teamsters Local Union No. 743.

6. Plaintiff's claims for relief are barred, in whole or in part, to the extent Plaintiff failed to mitigate any of the damages alleged in the Complaint.

**WHEREFORE**, Central States respectfully requests that this Court deny the relief sought by Plaintiff and enter an Order dismissing the Complaint and all claims set forth therein with prejudice and grant such other and further relief as this Court may find just and proper, including reimbursement for the attorneys' fees and costs incurred in defending this action.

Dated: September 24, 2024.

Respectfully submitted,

**CENTRAL STATES PENSION FUND**

By: *Michael S. Ferrell*
Michael S. Ferrell, one of its attorneys

Epstein Becker & Green, P.C.
Michael S. Ferrell (mferrell@ebglaw.com)
Daniel R. Simandl (dsimandl@ebglaw.com)
227 West Monroe Street, Suite 4500
Chicago, Illinois 60606
312.499.1400
*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that on this 24th day of September, 2024, he caused a copy of the foregoing **Defendant's Answer and Defenses to Plaintiff's Complaint** to be electronically filed with the Clerk of the U.S. District Court, Northern District of Illinois, using the CM/ECF (electronic case filing) system, which sent notification of such filing to the following ECF participants, via email:

> Ethan G. Zelizer
> HR Law Counsel, LLC
> 29 South Webster Street
> Suite 350-C
> Naperville, IL 60540
> ethan@hrlawcounsel.com

/S/ _____
Michael S. Ferrell, Attorney for Defendant