**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CARRIE SCHEUERMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Case No. 1:23-cv-16245** |
| | ) | |
| CENTRAL STATES PENSION FUND | ) | **Magistrate Judge Heather McShain** |
| | ) | |
| Defendant. | ) | |
| | ) | |

**JOINT STATUS REPORT**

Plaintiff Carrie Scheuerman ("Plaintiff" or "Scheuerman") and Defendant Central States Pension Fund ("Defendant" or "Central States") (collectively, the "Parties"), by and through their respective attorneys, conferred as directed by this Court's Order of September 16, 2024 (Dkt. #41) and submit this Joint Status Report:

**(a)** **Fact Discovery Remaining**

The Court previously set a fact discovery cutoff for October 4, 2024. For the reasons set forth below, certain limited factual discovery remains to be completed.

**(i) Deposition(s) and Outstanding Medical Records -** Plaintiff previously disclosed three persons with knowledge of her claims in this litigation and Plaintiff's religious beliefs: her mother, sister, and boyfriend. Defendant deposed Plaintiff's sister and mother on September 24 and 25, 2024, respectively, and deposed Plaintiff's boyfriend on October 4, 2024, which date was rescheduled from September 26 due to the death of the witness's mother.

Pursuant to the Court's September 10, 2024, Order (Dkt. #41), Defendant has been granted leave to depose Plaintiff on October 29, 2024, after the close of fact discovery because Plaintiff was unable to appear on September 20, 2024, for her previously noticed deposition.

Additionally, as raised with the Court during the status hearing on August 9, 2024, Defendant is unable to determine whether it will need to depose one or two of Plaintiff's disclosed medical doctors until after Plaintiff's deposition on October 29, 2024. On October 1, 2024, Plaintiff's counsel advised that the primary care physician initially identified in Plaintiff's supplemental interrogatory responses as "Dr. Thain," and subsequently identified by counsel as "Dr. Robert Thain," is, in fact, Dr. Dennis Thain. Defendant has now located Dr. Dennis Thain at a medical practice in Taylor, MI, and has requested Plaintiff's medical records from his current clinic in Taylor, MI, as well as his former practice in Beach Park, IL. Those requests are in process.

Given the above, Defendant seeks leave to potentially depose up to two of Plaintiff's medical providers after Plaintiff's deposition on October 29, 2024. Allowing for the Thanksgiving holiday, Defendant requests that it be allowed until December 13, 2024, to complete any depositions of Plaintiff's medical providers. Defendant also requests leave to propound supplemental document requests to the extent Plaintiff raises a new allegation or issue during her deposition.

Plaintiff did not notice any depositions.

**(ii) Plaintiff's Social Media Postings** – In Plaintiff's initial written discovery responses she failed to disclose and produce responsive social media posts related to her religious beliefs and/or her views on vaccines, manufactured medications, and/or the Covid-19 pandemic. In Plaintiff's supplemental discovery response on August 29, 2024, she provided only a link to Plaintiff's Facebook profile. However, because Plaintiff's Facebook page/account is private,

Defendant was unable to access or view any of Plaintiff's posts or activity on Facebook. During the deposition on September 24, 2024, Plaintiff's sister testified that Plaintiff has made posts on Facebook regarding at least her religious beliefs. As such, on September 24, 2024, immediately following the sister's deposition, counsel for Defendant emailed Plaintiff's counsel regarding the testimony and reiterating that Defendant seeks for Plaintiff to supplement again her response to Defendant's First for Production of Documents with a download of Plaintiff's Facebook history that can be reviewed, to include any posts through the present pertaining to Plaintiff's religious beliefs, the COVID-19 vaccines or pandemic, her use or objection to vaccines and manufactured medications, and the basis for such objections, or otherwise related to Plaintiff's claims in the Complaint. Counsel for Defendant also include in the email available online instructions for how one may easily download their Facebook page/account history, and asked Plaintiff counsel to advise if there is any reason Plaintiff is not able to produce a download of her Facebook history by October 1, 2024, in order to resolve any issue /disagreement before raising it in the next status report to the Court. At 3:52 p.m. on October 7, 2024, Plaintiff's counsel advised via email that Plaintiff is working on locating and retrieving "responsive information regarding her social media account" and Plaintiff "will have that to [Defendant] by close of business on Friday."

**(b)** **Expert Discovery.**

Plaintiff does not intend to pursue expert discovery. Defendant requests to revisit the issue at a further status hearing after completing Plaintiff's deposition on October 29, 2024.

**(c)** **Settlement Conference.**

The parties do not request a settlement conference at this time but may revisit the issue after depositions are completed. In the event the parties decide to request a settlement conference,

3

given that this is a consent case, the parties would prefer to have a different judge preside over any settlement conference in the future.

**(d)** **Dispositive Motion or Trial Date.**

The parties respectfully request to revisit the setting of a dispositive motion schedule and/or trial date until after all depositions are concluded. However, should the Court wish to set a dispositive motion schedule now, then consistent with the above request to complete the depositions of Plaintiff's medical providers by December 13, 2024, the parties would propose the following schedule:

- Dispositive motions due by January 24, 2025;
- Responses in opposition due by February 21, 2025; and
- Reply briefs in support due by March 7, 2025.

**(d)** **Additional Issues for the Court's Review.**

None at this time.

Dated: October 7, 2024

| Respectfully submitted, | Respectfully submitted, |
|---|---|
| */s/ Ethan Zelizer* | */s/ Michael S. Ferrell* |
| Ethan Zelizer | Michael S. Ferrell |
| HR Law Counsel, LLC | Daniel R. Simandl |
| 29 S. Webster Street, Suite 350-C | Epstein Becker & Green, P.C. |
| Naperville, IL 60540 | 227 W. Monroe Street, Suite 3250 |
| Tel: 630.551.8374 | Chicago, IL 60606 |
| ethan@hrlawcounsel.com | Tel: 312-499.1480 |
| | mferrell@ebglaw.com |
| | dsimandl@ebglaw.com |
| *Attorney for Plaintiff* | *Attorneys for Defendant* |

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that on this 7th day of October, 2024, he caused a copy of the foregoing **Joint Status Report** to be electronically filed with the Clerk of the U.S. District Court, Northern District of Illinois, using the CM/ECF (electronic case filing) system, which will send notification of such filing via email to the following ECF participants:

    Ethan G. Zelizer
    HR Law Counsel, LLC
    29 South Webster Street
    Suite 350-C
    Naperville, IL 60540
    ethan@hrlawcounsel.com

                                          /s/ *Michael S. Ferrell*
                                          Michael S. Ferrell, *Attorney for Defendant*