UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois – CM/ECF NextGen 1.7.1.2
Eastern Division

Carrie Scheuerman

                                    Plaintiff,

v.                                                            Case No.: 1:23−cv−16245
                                                                                Honorable Heather K. McShain

Central States Areas Pension Fund

                                    Defendant.

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Wednesday, October 9, 2024:

        MINUTE entry before the Honorable Heather K. McShain: The Court has reviewed the parties' joint status report [45], which reports that defendant deposed plaintiff's sister, mother, and boyfriend. Fact discovery closed on 10/04/2024 [24]. However, the parties' 10/07/2024 JSR reports that "certain limited factual discovery remains to be completed." On 10/01/2024, plaintiff's counsel corrected the name of plaintiff's primary care physician and defendant located the physician and requested records from his current and former practices. Defendant reports that those requests are still in progress. Defendant indicates that it is unable to determine whether it will need to depose certain medical providers until after plaintiff's deposition, but that defendant seeks leave to potentially depose up to two medical providers. Defendant thus requests that it be allowed until 12/13/2024 to complete any depositions of plaintiff's medical providers, as well as leave to propound supplemental document requests to the extent plaintiff raises a new allegation or issue during her deposition. Defendant states that it raised this issue with the Court during an 08/09/2024 status hearing, but there was no status hearing in this case held on 08/09/2024. This discussion on discovery appears to have occurred during the 09/16/2024 status hearing [41]. After that hearing, the Court granted defendant's unopposed motion [42] to depose plaintiff on 10/29/2024, after the close of fact discovery [43]. There was no mention in that motion of any need for follow up discovery or additional time after plaintiff's deposition to depose plaintiff's medical providers. It is also not clear to the Court why defendant waited until three days after the close of fact discovery to request additional time when defendant knew of the need to request medical records and potentially depose medical providers as early as 10/01/2024. Defendant's request is now more properly a motion to reopen fact discovery, for which a higher standard applies and a party "must show 'excusable neglect' for failing to complete discovery within the time allotted." Israel v. Bucon, 2021 WL 4962159, at *2 (N.D. Ill. Mar. 24, 2021) (citing Fed. R. Civ. P. 6(b)). But that's not all. The parties also describe outstanding discovery involving plaintiff's social media postings. Plaintiff's 08/29/2024 supplemental discovery response provided only a link to her Facebook profile, which is private and inaccessible by defendant. On 09/24/2024, plaintiff's sister testified that plaintiff has made Facebook posts regarding her religious beliefs. Immediately following that deposition, defendant requested plaintiff again supplement her discovery responses with downloads of plaintiff's Facebook history for defendant to review. Defendant asked

if plaintiff could produce those by 10/01/2024. On 10/07/2024, three days after the close of fact discovery, plaintiff advised defendant that plaintiff is working on locating and retrieving this information and will produce it to defendant "by close of business on Friday," which is seven days after the close of fact discovery. Again, neither party raised this issue with the Court or requested an extension of the fact discovery deadline. Finally, although plaintiff's counsel indicated at the 09/16/2024 hearing that he intended to depose one individual (the decisionmaker) and could do so before the 10/04/2024 fact discovery deadline, the JSR states that plaintiff has not noticed any depositions. By 10/16/2024, the parties must file a formal motion requesting the Court reopen fact discovery and demonstrating "excusable neglect for failing to complete discovery within the time allotted." On expert discovery, plaintiff reports that she does not intend to pursue expert discovery. Defendant requests to revisit the issue after completing plaintiff's deposition on 10/29/2024. On settlement, the parties report that they do not request a settlement conference at this time but may revisit the issue after depositions are completed. The parties do indicate that in the event they decide to request a settlement conference, they would prefer to have a different judge preside over any future settlement conference given that this is a consent case. The Court will refrain from setting the next joint status report deadline until the parties' anticipated motion to reopen fact discovery. Mailed notice. (pk, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.