IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CARRIE SCHEUERMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:23-cv-16245 |
| | ) | |
| CENTRAL STATES PENSION FUND, | ) | Magistrate Judge Heather McShain |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION TO
REOPEN FACT DISCOVERY FOR A LIMITED PURPOSE**

Defendant Central States Pension Fund ("Central States" or "Defendant"), through its undersigned counsel, files this motion to reopen fact discovery for limited a purpose. In support Defendant states as follows:

1. In its order of October 9, 20224 (Dkt. No. 46), the Court directed the parties to file a motion requesting the Court to reopen fact discovery and demonstrating "excusable neglect for failing to complete discovery within the time allotted," which was by October 4, 2024.

2. As described in the Joint Status Report filed on October 7, 2024 (Dkt. No. 45), the purposes for which Defendant seeks to reopen fact discovery are limited and, in each case, due to delay or incomplete or inaccurate discovery responses provided by Plaintiff.

3. Per the Court's April 18 2024, scheduling order (Dkt. No. 24), Defendant time served its Rule 26(a)(1) initial disclosures on May 7, 2024, and served its written discovery requests on Plaintiff on June 4, 2024. (See Dkt. Nos. 29 and 31.) Plaintiff, however, did not provide its initial disclosures until June 14, 2024 (Dkt. No. 31) and did not provide responses to written

1

discovery until August 7, 2024 (Dkt. No. 36.) Moreover, Plaintiff's initial disclosures and discovery responses were deficient in a-number-of respects. Relevant for purposes of this motion, Plaintiff did not provide the requested signed HIPAA authorization release for Defendant to obtain Plaintiff's medical records, did not identify the full names and contact information for Plaintiff's medical doctors, and did not include production of Plaintiff's social media posts.

4. The delay and deficiencies in Plaintiff's discovery responses resulted in Defendant needing to reschedule Plaintiff's deposition from September 10 to September 20, 2024. (See Dkt. No. 36.) Per the Court's August 16, 2024, order, Plaintiff was to make a supplemental production early the following week cure the deficiencies in Plaintiff's discovery responses, "to include identifying individuals who may need to be deposed and a complete HIPAA release that identifies [Plaintiff's medical] providers." (Dkt. No. 36.)

5. Due to illness, Plaintiff's counsel did not make a supplemental production or provide a completed HIPAA release that identifies providers until August 28 and 29, 2024. (See Dkt. Nos. 37 and 38.)

6. During the telephonic status hearing on September 16, 2024, the parties reported that they were on track to complete fact discovery by October 4, 2024, deadline, with the Court noting that "[s]hould that change, the party seeking an extension is to file a motion to extend the fact discovery deadline." (Dkt. No. 41.) At that time, Defendant expected to have all responsive document production from Plaintiff and Plaintiff's medical providers and to have completed Plaintiff's deposition by September 20, 2024. As such, Defendant believed it would know after

deposing Plaintiff on September 20 whether there was a need to request an extension of time to complete additional depositions or other discovery.

7. On September 19, 2024, Plaintiff's counsel informed Defense counsel that Plaintiff would not be able to attend her deposition on September 20. That same day, Defendant filed an unopposed motion for an extension of time to complete fact discovery, specifically seeking leave to depose Plaintiff on October 29, 2024, after the close of fact discovery on October 4, which was the next mutually available date for all parties and counsel. (Dkt. No. 42). The Court granted Defendant's motion on September 23, 2024. (Dkt. No. 43)

8. On September 24, 2024, Plaintiff's sister testified at her deposition that Plaintiff had made posts on her private Facebook account regarding Plaintiff's religious beliefs, which posts were not included in Plaintiff's document production although they were requested in Defendant's written discovery requests. (Dkt. 45, at page 3.) Immediately following the deposition, Defense counsel emailed Plaintiff's counsel regarding the testimony and the need for Plaintiff to supplement again her discovery responses with a download of Plaintiff's Facebook history. (*Id.*) Defense counsel further requested the information be provided by October 1, 2024, to permit Defendant to raise with the Court if necessary to resolve any issue or disagreement. Not hearing from Plaintiff's counsel, on the afternoon of October 4, 2024, Defense counsel emailed Plaintiff's counsel a draft Joint Status Report raising the open discovery issues to be addressed with the Court.

9. At 3:52 p.m. Monday, October 7, 2024, Plaintiff's counsel advised that Plaintiff would produce a copy of Plaintiff's Facebook posts by October 11, 2024, which information was included in the updated Joint Status Report filed with the Court. (*Id.*) Plaintiff's proposed timing

was acceptable to Defendant given that it would be sufficiently in advance of Plaintiff's rescheduled deposition on October 29, 2024.

10. At 10:21 p.m. on October 15, 2024, Plaintiff's counsel attempted to email Defense counsel a Google drive link to the production of Plaintiff's Facebook posts, however, Defendant has so far not been able to access the file. Defense counsel is communicating with Plaintiff's counsel to overcome the technical difficulties in production shortly, which should conclude this remaining issue of fact discovery in advance of Plaintiff's deposition on October 29, 2024.

11. Also, on October 1, 2024, Plaintiff's counsel informed Defense counsel that Plaintiff's primary care physician who Plaintiff initially identified in her supplemental interrogatory answers only as "Dr. Thain," and subsequently identified as "Dr. Robert Thain," is, in fact, Dr. Dennis Thain. ((Dkt. No. 45 at page 2.) Defendant then promptly located and served a request for Plaintiff's medical records on Dr. Dennis Thain. (*Id*.) We have not been advised that Plaintiff's requested medical records were mailed to Defense counsel late last week and should arrive any day, which should conclude this remaining issue of fact discovery in advance of Plaintiff's deposition on October 29, 2024.

12. This leaves as the remaining fact discovery being Defendant's request for leave to potentially depose up to two of Plaintiff's medical providers. Until Plaintiff has been deposed and the pending medical records from Dr. Dennis Thain are able to be reviewed, it is impossible for Defendant to determine whether it is necessary to depose one or more of Plaintiff's medical providers.

13. Plaintiff expected to know earlier whether deposing one or more of Plaintiff's medical providers would be necessary, but because of Plaintiff's need to reschedule her deposition

4

and providing delayed and then inaccurate information as to the name of one of her primary care physicians, Defendant has been left in a lurch until Plaintiff's deposition on October 29, 2024.

14. For these reasons, Defendant requests that fact discovery, which closed on October 4, 2024, be re-opened for the limited purpose of potentially deposing up to two of Plaintiff's medical providers, and in the unlikely event Defendant needs the Court to address any discovery enforcement motion related to the pending production of Plaintiff's Facebook posts or medical records described above. Defendant further proposes, that should it need to depose one or two of Plaintiff's medical providers that it be allowed until December 13, 2024, to complete the same.

15. In its October 9, 2024, order (Dkt. No. 46), the Court noted the standard for reopening discovery "excusable neglect for failing to complete discovery within the time allotted," (Dkt. No. 46, citing *Israel v. Bucon*, 2021 WL 4962159, at *2 (N.D. Ill. Mar. 24, 2021) (citing Fe. R. Civ. P. 6(b)).) In the *Israel* case, the Court observed that it "has discretion to reopen discovery" under Federal Rule of Civil Procedure 6(b), but declined plaintiff's motion to do so in that case where the motion was brought in 2021 and fact discovery had closed on December 4, 2018, and plaintiff had previously been denied a request on January 27, 2020, to reopen fact discovery.

16. Unlike the facts in *Israel*, this is not a case of a party seeking to reopen fact discovery years after the fact discovery cutoff  Instead, here, fact discovery cutoff on Friday, October 4, 2024, and Defendant made its request initially in the parties' Joint Status Report filed

5

FIRM:65818890v1

with the Court on Monday, October 7, 2024, and now through this motion field pursuant to the Court's October 9, 2024, Order.

17. Moreover, as described above, the reasons here for the requested need to reopen fact discovery are quite limited and have been caused entirely by delays as well as the incomplete and inaccurate earlier productions by Plaintiff.

18. Defense counsel has also worked diligently with Plaintiff's counsel to resolve these remaining fact discovery issues in advance Plaintiff's rescheduled deposition, which the Court has already granted Defendant leave to take on October 29, 2024.

19. All that remains after Plaintiff's deposition on October 29, is the possible need to depose one or more of Plaintiff's medical providers, which need Defendant is unable to evaluate until after deposing Plaintiff.

20. For these reasons, Defendant requests that the Court reopen fact discovery for the limited purpose of permitting Defendant leave to depose up to two of Plaintiff's medical providers by December 13, 2024, and to consider any discovery motion in the unlikely even that such should become necessary with respect to pending production of Plaintiff's requested social media posts and remaining medical records.

21. This request made in good faith and not for purposes of delay.

FIRM:65818890v1

WHEREFORE, Defendant respectfully requests that the Court grant reopen fact discovery for the limited purpose described above.

Dated: <u>October 16, 2024</u>

Respectfully submitted,

**CENTRAL STATES PENSION FUND**

By: <u>/Michael S. Ferrell</u>
Michael S. Ferrell, one of its attorneys

Epstein Becker & Green, P.C.
Michael S. Ferrell (mferrell@ebglaw.com)
Daniel R. Simandl (dsimandl@ebglaw.com)
227 West Monroe Street, Suite 4500
Chicago, Illinois 60606
312.499.1400
*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that on this 16th day of October, 2024, he caused a copy of the foregoing Defendant's Motion to Reopen Fact Discvoery for a Limited Purpose to be electronically filed with the Clerk of the U.S. District Court, Northern District of Illinois, using the CM/ECF (electronic case filing) system, which sent notification of such filing to the following ECF participants, via e-mail:

>Ethan G. Zelizer
>HR Law Counsel, LLC
>29 South Webster Street
>Suite 350-C
>Naperville, IL 60540
>ethan@hrlawcounsel.com

>/s/ *Michael S. Ferrell*
>Attorney for Defendant