**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CARRIE SCHEUERMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **Case No. 23-cv-16245** |
| ) | |
| CENTRAL STATES PENSION FUND, ) | **Magistrate Judge Heather McShain** |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |
| ) | |

**<u>DEFENDANT'S MOTION FOR LEAVE AND TO COMPEL DISCOVERY</u>**

Defendant files this Motion seeking leave to depose a third medical provider, Derek T. Loch, PharmD, and to compel Plaintiff to provide an amended HIPAA authorization to permit her medical providers to give oral testimony regarding their prior treatment of Plaintiff. On October 24, 2024, the Court granted Defendant's unopposed motion to reopen fact discovery for the limited purpose of deposing up to two of Plaintiff's medical providers by December 13, 2024. (Dkt. #49.) However, due to unexpected testimony at Plaintiff's deposition on November 8, 2024,[1] Defendant seeks leave to depose a third medical provider. Additionally, pursuant to Federal Rule of Civil Procedure 37, Defendant moves for an order compelling Plaintiff to provide an amended HIPAA authorization for the identified medical providers whose depositions are to be completed by the discovery cutoff on December 13, 2024. Plaintiff's original HIPAA release authorized her medical providers to produce her medical documents and history. The amendment seeks to

---

[1] Plaintiff's deposition was rescheduled by mutual agreement of the parties from October 29 to November 8, 2024, due to Defense counsel being diagnosed with "walking pneumonia," which made the October 29 date unworkable.

1

authorize Plaintiff's medical providers to give oral testimony. Specifically, Defendant seeks to depose Dr. Steven H. Goldberg and Nurse Practitioner Peggy Christianson, both of Bellin Health in Green Bay, Wisconsin, who are identified in Plaintiff's produced medical records. Plaintiff testified at her deposition regarding medical care she received from Dr. Goldberg and Nurse Christianson in and around June 2020, October 2022, and August 2024. Further, if the Court grants Defendant's instant motion for leave, Defendant seeks to depose Derek T. Loch, PharmD, in connection with his prescribing Plaintiff Paxlovid in 2023, which at her deposition Plaintiff contended was an error and actually a prescription for her father.

## I. Background.

On October 16, 2024, Defendant filed its unopposed motion to reopen fact discovery for a limited purpose. (Dkt. #47.) On October 24th, the Court granted Defendant's motion for the stated limited purpose of deposing up to two of Plaintiff's medical providers by December 13, 2024. (Dkt. #49.) As noted above, Plaintiff's deposition was concluded on November 8, 2024. At her deposition, Plaintiff was questioned about her produced medical records, including her care at Bellin Health in Green Bay, Wisconsin, and Plaintiff's prescription drug history. Part of Plaintiff's deposition testimony was in relation to two surgeries performed by Dr. Steven H. Goldberg of Bellin Health in October 2022 and August 2024 to repair Plaintiff's broken arms. Nurse Practitioner Peggy Christianson was also part of the medical team at Bellin Health that provided Plaintiff with care for these surgeries. In addition, Plaintiff testified regarding medical care she received from Nurse Christianson in June 2020. Notably, Plaintiff testified that contrary to the statements in her medical records, she did not consent to the use or injection of manufactured medications into her body during these medical procedures nor was she presented with a non-surgical alternative treatment plan. Further, Plaintiff testified that she advised her medical team

that she did not and would not take or use any manufactured ("man-made") pain medications (over the counter or prescribed) due to her religious beliefs – despite there being no mention of such objection to medications in Plaintiff's medical records. Additionally, in reference to a 2023 prescription by Pharmacist Derek Loch for a five-day supply of Paxlovid, a medication commonly used to treat COVID-19, Plaintiff testified the prescription record was an error and the Paxlovid was actually a prescription for her father, despite him having a different name and date of birth.

Following Plaintiff's deposition, Defendant noticed the depositions of Dr. Goldberg and Nurse Christianson on November 14, 2024, and served subpoenas on both. Counsel for Bellin Health acknowledged receipt of the subpoenas and on November 19 counsel for Bellin Health informed Defendant of the need to amend Plaintiff's HIPAA authorization release to permit the medical providers to give oral testimony. Defendant emailed Plaintiff's counsel the same day seeking an amended HIPAA release but did not receive a response. Defense then followed-up with Plaintiff's counsel by emails and phone calls on November 20, 21, 22, and 25 regarding: (1) the need for the amended HIPAA release to permit Plaintiff's medical providers to give oral testimony, (2) Plaintiff's position on Defendant's intention to seek leave to depose three medical providers (Dr. Goldberg, Nurse, Christianson, and Pharmacist Loch), and (3) the availability of Plaintiff's counsel on the alternative deposition dates and times proposed by Bellin Health of December 4 at 8:00 a.m. for Nurse Christianson and December 13 at 2:00 p.m. for Dr. Goldberg, which were proposed in order to minimize the disruption to their patient schedules. Plaintiff's counsel has not responded.

Additionally, in two emails and a voice message on November 22, as well as in an email on November 25, Defendant advised Plaintiff's counsel that, absent a response agreeing to provide Plaintiff's amended HIPAA release to permit the oral testimony of Plaintiff's medical providers,

3

Defendant would have no choice but to raise the issue to the Court in a motion to compel in order to complete the depositions by the current discovery cutoff of December 13. Defense counsel also advised in the same emails on November 22 and 25 that Defendant would be moving by November 26 for leave to depose up to three medical providers (Dr. Goldberg, Nurse Christianson, and Pharmacist Loch) and sought Plaintiff's position on whether such request was opposed or unopposed. Despite these numerous attempts to reach Plaintiff's counsel, Defendant has received no response.

## II. Motion for Leave

Defendant respectfully requests that the Court grant Defendant's leave to depose an additional medical provider by December 13, 2024. At her deposition, Plaintiff gave surprising testimony challenging statements in her medical records regarding her consent and use of a variety of prescribed and over-the-counter pain medications before, during, and after surgical procedures. Plaintiff contested statements in her records that non-surgical treatment options were discussed with her, contended that she raised her objection to manufactured (man-made) medications based on her religious beliefs despite no notation of any such objection in her medical records, and contended that her medical prescription history was inaccurate – insisting that she was never prescribed Paxlovid in 2023 to treat Covid-19 and that was instead a prescription for her father (Gary Scheuerman). The Paxlovid prescription at issue was written by Pharmacist Derek Loch at Nicolet Pharmacy, Inc. in Wisconsin. Some of the disputed medical record notations were from Plaintiff's treatment at Bellin Health in Green Bay, Wisconsin in June 2020, October 2022, and August 2024, and were made by Dr. Stephen Goldberg and Nurse Practitioner Peggy Christianson.

Plaintiff's Complaint alleges that Defendant discriminated against her sincerely held religious beliefs, in violation of Title VII when, during the pandemic in the summer of 2021,

4

Defendant denied Plaintiff's request for a religious exemption from its COVID-19 vaccine mandate for returning employees to working in the office. (Dkt. #1.) On September 10, 2024, the Court ordered that Plaintiff could only rely on the allegations that were made in her religious exemption request, which differed from those that were made in her Complaint, to support her claim. (Dkt. #40.) In her July 2021 exemption request, Plaintiff claimed:

> I believe my body is a Temple for the Holy Spirit. I have a deeply held belief that injecting my body, my Temple for the Holy Spirit, with a vaccination, violates the principles laid out in His Word and his promise of spiritual healing. I believe life is in and of Spirit, not material and God is the only real power and heals disease spiritually as did Christ Jesus.

(Dkt. #1, pg. 1, ¶20.)

Plaintiff also contended in her exemption request that she has held these religious beliefs for a long time. (Dkt. #13-1, pg. 11.) Accordingly, Defendant sought Plaintiff's medical records, which include an extensive history of prescribed antibiotics and pain medications from 2015 through 2024. Defendant asked Plaintiff about such records during her deposition on November 8, 2024. Based on a review of Plaintiff's medical records before Plaintiff's deposition, Defendant sought in a joint status report and then in a motion for leave to depose up to two of Plaintiff's medical providers following her deposition. (Dkt. #s 45 and 47.) The Court granted Defendant's motion as unopposed on October 24, 2024. (Dkt. #49) Based on Plaintiff's frankly surprising deposition testimony challenging both the accuracy of the clinical notes of her medical providers and the accuracy of her medical prescription records, Defendant now seeks leave to depose up to three medical providers, instead of two.

Specifically, Defendant is scheduled to depose Nurse Practitioner Peggy Christianson via Zoom on December 4 at 8:00 a.m., and scheduled to depose Dr. Stephen Goldberg via Zoom on December 13 at 2:00 p.m. Each of these depositions is anticipated to take approximately two hours.

Additionally, Defendant seeks leave to also depose Pharmacist Derek Loch via Zoom regarding the 2023 prescription for Paxlovid that appears on Plaintiff's prescription medication records, but which Plaintiff claimed at her deposition was actually written for her father (Gary Scheuerman). Defendant believes Plaintiff's testimony conflicting with her medical records is improbable and seeks to test the veracity of the same, as well as secure potentially unavailable witness testimony for trial given the location of Dr. Goldberg, Nurse Christianson, and Pharmacist Loch in northern Wisconsin. Defendant proposes to depose Pharmacist Loch virtually via Zoom on December 5 at 10:00 a.m., or at another mutually convenient date and time before the current discovery cutoff on December 13, 2024. Plaintiff anticipates the deposition of Pharmacist Loch will take less than two hours.

In light of Plaintiff's deposition testimony challenging the accuracy and completeness of her medical treatment and prescription medication records, Defendant respectfully requests the Court grant its request for leave to also take the short deposition of Pharmacist Derek Loch, for a total of three depositions of Plaintiff's medical providers. As noted above, this request is not anticipated to result in delay as Defendant intends to complete all three depositions prior to the current cutoff of discovery on December 13, 2024.

### III. Motion to Compel

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, Defendant also moves the Court for an order compelling Plaintiff to comply with her discovery obligations and provide to Defendant an amended HIPAA authorization to permit the oral testimony of Dr. Goldberg and Nurse Christianson, as well as the oral testimony and records of Pharmacist Loch concerning the Paxlovid prescription reflected in Plaintiff's prescription medication history. The Court holds "significant discretion in ruling on a motion to compel." *Ousterhout v. Zukowski*, 2013 WL

6

6139772, at *3 (N.D. Ill. Nov. 21, 2013), decision clarified, No. 11 CV 9136, 2014 WL 804079 (N.D. Ill. Feb. 28, 2014) (citing Fed. R. Civ. P. 37(a)(4)(B), (c))). The Court "may fashion a ruling appropriate for the circumstances of the case." *Id*.

Here, the Court has previously ordered that the Defendant can take up to two depositions of Plaintiff's medical providers. On November 19, 2024, counsel for Dr. Goldberg and Nurse Christianson at Bellin Health informed Defendant that for either of them to provide deposition testimony regarding their treatment and medical conversations with Plaintiff they require that Plaintiff first provide an amended HIPAA release authorizing them to provide oral testimony (and not just provide medical records). That same day, Defendant informed Plaintiff's counsel of this requirement and forwarded to Plaintiff's counsel an amended HIPAA authorization for Plaintiff's signature. Defense counsel then followed up with Plaintiff's counsel about execution of the same by email and phone on November 20, 21, 22, and 25 but has received no response. These communications included two emails and a phone call on November 22, and an email on November 25 advising Plaintiff's counsel that absent confirmation Plaintiff would be providing the amended HIPAA authorization release, Defendant would file, by today, a motion to compel the same.

To ensure Defendant can timely depose Plaintiff's medical providers by the discovery cutoff on December 13, 2024, including the currently scheduled deposition of Nurse Christianson on December 4, 2024, Defendant respectfully requests that the Court order Plaintiff to provide Defendant with a completed HIPAA authorization release that permits oral testimony by the identified medical providers no later than Monday, December 2, 2024. Without the amended HIPAA authorization from Plaintiff, Defendant will not be able to timely complete these medical provider depositions, including the two the Court already considered and permitted.

7

Accordingly, Defendants respectfully request that the Court grant Defendant's leave and/or amend its October 24, 2024, Order to permit Defendant leave to depose up to three of Plaintiff's medical providers and compel Plaintiff to provide Defendant with a signed amended HIPAA authorization as described herein.

Dated: November 26, 2024

Respectfully submitted,

CENTRAL STATES PENSION FUND

By: /s/ *Michael S. Ferrell*
Michael S. Ferrell (6277458)
Daniel R. Simandl
Epstein Becker Green, P.C.
227 W. Monroe, Suite 3250
Chicago, IL 60606
(312) 499-1400
mferrell@ebglaw.com
dsimandl@ebglaw.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that on November 26, he caused a copy of Defendant's Motion for Leave and to Compel Discovery electronically with the Clerk of the U.S. District Court, Northern District of Illinois, using the CM/ECF (electronic case filing) system, which sent notification of such filing to the following ECF participants, via e-mail:

>Ethan G. Zelizer
>John M. Liston
>HR Law Counsel, LLC
>29 South Webster Street
>Suite 350-C
>Naperville, IL 60540

>>/s/ Michael S. Ferrell